UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| In re: | § | |
|---|---|---|
| Bujak, Mikolay | § | Case No. 17-34077 |
| Bujak, Kathleen | § | |
| | § | |
| Debtors(s) | § | |

TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 11/14/2017. The undersigned trustee was appointed on 11/14/2017.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. §522, or have been or will be abandoned pursuant to 11 U.S.C. §554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A.**

| | | |
|---|---|---|
| 4. The trustee realized gross receipts of | $ | 89,890.57 |
| Funds were disbursed in the following amounts: | | |
| Payments made under an interim disbursement | | 0.00 |
| Administrative Expenses | | 30.73 |
| Bank Service Fees | | 106.90 |
| Other Payments to Creditors | | 0.00 |
| Non-Estate funds paid to 3rd Parties | | 0.00 |
| Exemptions paid to the Debtor | | 0.00 |
| Other Payments to Debtor | | 0.00 |
| Leaving a balance on hand of [1] | $ | 89,752.94 |

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was 04/18/2018 and the deadline for filing governmental claims was 05/14/2018. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C.**

7. The Trustee's proposed distribution is attached as **Exhibit D.**

8. Pursuant to 11 U.S.C. §326(a), the maximum compensation allowable to the trustee is $7,744.53. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests a sum of $7,500.00, for a total compensation of $7,500.00[2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00, and now requests reimbursement for expenses of $0.00 for total expenses of $0.00

Pursuant to Fed. R. Bank. P. 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date : 03/01/2019 By : /s/ Elizabeth C. Berg

Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. §1320.4 (a)(2) applies.

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

**Case No:** 17-34077 **Judge:** Janet S. Baer **Trustee Name:** Elizabeth C Berg
**Case Name:** Bujak, Mikolay **Date Filed (f) or Converted (c):** 11/14/2017 (f)
Bujak, Kathleen **341(a) Meeting Date:** 12/11/2017
**For Period Ending:** 03/01/2019 **Claims Bar Date:** 04/18/2018

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA) / Gross Value of Remaining Assets |
| 1. 580 Lancaster Dr, Hampshire, IL 60140<br>Stay lifted per order 1/5/18 [Dkt. 18] | 150,000.00 | 0.00 | | 0.00 | FA |
| 2. 2006 Hyundai Elantra | 1,725.00 | 0.00 | | 0.00 | FA |
| 3. 2006 Subaru Outback<br>Debtor reaffirmed 2/8/18 [Dkt 25] | 5,175.00 | 0.00 | | 0.00 | FA |
| 4. Furniture, linens, small appliances, table & chairs, bedroom set | 2,000.00 | 0.00 | | 0.00 | FA |
| 5. Flat screen TVs, DVD player, computer, printer, music collection, cell phones | 2,000.00 | 0.00 | | 0.00 | FA |
| 6. Pistol, rifle, shotgun | 1,500.00 | 0.00 | | 0.00 | FA |
| 7. Everyday clothes, shoes, accessories | 250.00 | 0.00 | | 0.00 | FA |
| 8. Everyday jewelry, costume jewelry, engagement ring, wedding rings, watches | 500.00 | 0.00 | | 0.00 | FA |
| 9. books, CDs, DVDs & Family Photos | 100.00 | 0.00 | | 0.00 | FA |
| 10. Savings Account Chase Bank | 400.00 | 0.00 | | 0.00 | FA |
| 11. Checking Account Chase Bank | 1,100.00 | 0.00 | | 0.00 | FA |
| 12. Checking Account Chase Bank | 2,200.00 | 0.00 | | 0.00 | FA |
| 13. Merrill Lynch | 1,200.00 | 0.00 | | 0.00 | FA |
| 14. THIS Pension | Unknown | 0.00 | | 0.00 | FA |
| 15. TRS Pension | Unknown | 0.00 | | 0.00 | FA |
| 16. 401(k) or similar plan Trans America | 14,100.00 | 0.00 | | 0.00 | FA |
| 17. IRA Fidelity | 33,000.00 | 0.00 | | 0.00 | FA |
| 18. Health insurance | 0.00 | 0.00 | | 0.00 | FA |

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

**Case No:** 17-34077 **Judge:** Janet S. Baer **Trustee Name:** Elizabeth C Berg
**Case Name:** Bujak, Mikolay
Bujak, Kathleen
**Date Filed (f) or Converted (c):** 11/14/2017 (f)
**341(a) Meeting Date:** 12/11/2017
**For Period Ending:** 03/01/2019 **Claims Bar Date:** 04/18/2018

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA) / Gross Value of Remaining Assets |
| 19. Term Life Insurance | 0.00 | 0.00 | | 0.00 | FA |
| 20. 2 laptops, printer, server | 500.00 | 0.00 | | 0.00 | FA |
| 21. Debtor's Post-Petition Inheritance from Estate of Terrence C. Kautz (u) Trustee recovered full value of Kathleen Bujak's interest in the inheritance of T. Kautz | 0.00 | 88,273.91 | | 89,890.57 | FA |

| | | | | | Gross Value of Remaining Assets |
|---|---|---|---|---|---|
| **TOTALS (Excluding Unknown Values)** | 215,750.00 | 88,273.91 | | 89,890.57 | 0.00 |

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

**February 28, 2019: After recovering the bulk of Kathleen's share of the inheritance, Trustee was advised of a possible second distribution on account of the inheritance. Trustee remained in contact with the executor of the inheritance and Kathleen Bujak in order to monitor the progress and administration of the probate estate and to ensure that the bankruptcy estate's interest was protected. In or about early February, Trustee learned that the probate estate had been fully administered and that a second distribution would be made on account of Kathleen's interest in the Inheritance. Thereafter, Trustee made an official request to the executor for a turnover of Kathleen's share of the final distribution and recovered an additional $1,616.66 for the benefit of the Estate. Trustee confirmed with her accountant that no estate tax returns were required to be filed. Trustee prepared her TFR.**

**September 30, 2018: Trustee reviewed, among other things, the Debtors' schedules of assets and liabilities and statements of financial affairs and conducted a section 341 examination of the Debtors. Trustee determined there were no assets of value to the Estate and filed a Report of No Distribution (NDR) on 12/12/17. Roughly two weeks thereafter, Trustee was notified that one of Kathleen's parents passed away and that Kathleen (Debtor) may be entitled to an inheritance. Trustee determined the inheritance would be property of the Estate pursuant to 541(a)(5) of the Code since Debtor became entitled to the inheritance within the 180 days following the petition date and, thereafter, withdrew her NDR. Trustee recovered majority of the proceeds of the inheritance in September 2018. Trustee is advised a second and final distribution on account of the inheritance will be paid to the bankruptcy estate by year end. The claims bar date expired, Trustee reviewed the claims and determined the claims were asserted against Ms. Bujak individually or jointly by the Debtors. Pursuant to this Court's order dated 9/10/18 [Dkt. 32], this case will be administered as separate cases and distributions will be made to creditors of Ms. Bujak individually or jointly by the Debtors (and not to creditors of Mr. Bujak individually). Trustee will submit TFR once final inheritance proceeds are received.**



**Exhibit A**

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

**Case No:** **17-34077** **Judge:** **Janet S. Baer** **Trustee Name:** **Elizabeth C Berg**
**Case Name:** **Bujak, Mikolay** **Date Filed (f) or Converted (c):** **11/14/2017 (f)**
**Bujak, Kathleen** **341(a) Meeting Date:** **12/11/2017**
**For Period Ending:** **03/01/2019** **Claims Bar Date:** **04/18/2018**

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA) / Gross Value of Remaining Assets |

**Initial Projected Date of Final Report(TFR) :**06/30/2019 **Current Projected Date of Final Report(TFR) :** 03/30/2019

**Trustee's Signature** /s/Elizabeth C Berg **Date:** 03/01/2019

Elizabeth C Berg
P. O. Box 2399
Glen Ellyn, IL 60138-2399
Phone : (312) 726-8150

 **Exhibit A**

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

**Case No:** 17-34077
**Case Name:** Bujak, Mikolay
Bujak, Kathleen
**Taxpayer ID No:** **-***1470
**For Period Ending:** 3/1/2019

**Trustee Name:** Elizabeth C Berg
**Bank Name:** Texas Capital Bank
**Account Number/CD#:** ******5427 Checking Account
**Blanket bond (per case limit):** 5,000,000.00
**Separate bond (if applicable):** 0.00

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or [Refer#] | Paid To / Received From | Description of Transaction | Uniform Trans. Code | Deposits($) | Disbursements($) | Account/ CD Balance($) |
| 09/05/2018 | [21] | Estate of Terrence C. Kautz | Debtor's Post-petition Inheritance | 1229-000 | 88,273.91 | | 88,273.91 |
| 10/03/2018 | | Texas Capital Bank<br>Treasury Management Operations<br>2350 Lakeside Blvd<br>Richardson, TX 75082 | Bank Service Fee | 2600-000 | | 106.90 | 88,167.01 |
| 02/13/2019 | 51001 | International Sureties, Ltd.<br>Suite 420<br>701 Poydras Street<br>New Orleans, LA 70139 | Bond Premium | 2300-000 | | 30.73 | 88,136.28 |
| 02/21/2019 | [21] | Estate of Terrence C. Kautz<br>c/o Michael B. Jawgiel, Esq.<br>5487 N. Milwaukee Avenue<br>Chicago, IL 60630 | Final Distribution - Post-petition Inheritance | 1229-000 | 1,616.66 | | 89,752.94 |

| | Deposits($) | Disbursements($) |
|---|---|---|
| Page Subtotals | 89,890.57 | 137.63 |
| **COLUMN TOTALS** | 89,890.57 | 137.63 |
| Less:Bank Transfer/CD's | 0.00 | 0.00 |
| **SUBTOTALS** | 89,890.57 | 137.63 |
| Less: Payments to Debtors | | 0.00 |
| **Net** | 89,890.57 | 137.63 |



**Exhibit B**

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

**Case No:** 17-34077
**Case Name:** Bujak, Mikolay
Bujak, Kathleen
**Taxpayer ID No:** **-***1470
**For Period Ending:** 3/1/2019

**Trustee Name:** Elizabeth C Berg
**Bank Name:** Texas Capital Bank
**Account Number/CD#:** ******5427 Checking Account
**Blanket bond (per case limit):** 5,000,000.00
**Separate bond (if applicable):** 0.00

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or [Refer#] | Paid To / Received From | Description of Transaction | Uniform Trans. Code | Deposits($) | Disbursements($) | Account/ CD Balance($) |

| | |
|---|---|
| All Accounts Gross Receipts: | 89,890.57 |
| All Accounts Gross Disbursements: | 137.63 |
| All Accounts Net: | 89,752.94 |

| TOTAL-ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| ******5427 Checking Account | 89,890.57 | 137.63 | |
| **Net Totals** | 89,890.57 | 137.63 | 89,752.94 |



**Exhibit B**

Case: 17-34077
Bujak, Mikolay
Bujak, Kathleen
Claims Bar Date: 04/18/18 Government Bar Date: 05/14/18

Elizabeth C Berg
CLAIMS REGISTER
EXHIBIT C Page 1

| Claim No. | Creditors | UTC | Scheduled | Claimed | Allowed | Paid | Balance |
|---|---|---|---|---|---|---|---|
| | Elizabeth C. Berg, Trustee<br>PO Box 2399<br>Glen Ellyn, IL 60138-2399 | 2100<br>ADMIN | 0.00 | 7,500.00 | 7,500.00 | 0.00 | 7,500.00 |
| | Baldi Berg, Ltd.<br>PO Box 2399<br>Glen Ellyn, IL 60138-2399 | 3110<br>ADMIN | 0.00 | 601.50 | 601.50 | 0.00 | 601.50 |
| **ADMINISTRATIVE TOTAL** | | | **0.00** | **8,101.50** | **8,101.50** | **0.00** | **8,101.50** |
| 00001 | Discover Bank Discover<br>PO Box 3025<br>New Albany, OH 43054<br>Filed: 01/22/18 | 7100<br>UNSEC | 19,098.00 | 20,945.87 | 20,945.87 | 0.00 | 20,945.87 |
| | Claim 1 is for debt of Mikolay individually<br>Pursuant to the Court’s order dated September 10, 2018, [ dkt. 32], only claims of Kathleen, individually, or Kathleen and Mikolay, jointly, will participate in the Estate's distribution from the proceeds of Kathleen's inheritance. Although Claim No. 1 is deemed an allowed claim, only Mikolay is liable for the debt. As a result, Claim No. 1 will not receive any payment from Kathleen’s inheritance which is the sole asset being distributed in connection with this Final Report. | | | | | | |
| 00002 | Discover Bank Discover<br>PO Box 3025<br>New Albany, OH 43054<br>Filed: 01/22/18 | 7100<br>UNSEC | 9,596.00 | 10,118.21 | 10,118.21 | 0.00 | 10,118.21 |
| | Claim 2 is for debt of Kathleen, individually<br>Pursuant to the Court’s order dated September 10, 2018, [ dkt. 32], only claims of Kathleen, individually, or Kathleen and Mikolay, jointly, will participate in the Estate's distribution from the proceeds of Kathleen's inheritance. As a result, Claim No 2 will receive a payment from Kathleen’s inheritance which is the sole asset being distributed in connection with this Final Report. | | | | | | |
| 00003 | TD Bank, USA<br>American InfoSource as agent<br>4515 N Santa Fe Ave<br>Oklahoma City, OK 73118<br>Filed: 01/24/18 | 7100<br>UNSEC | 1,268.00 | 1,455.10 | 1,455.10 | 0.00 | 1,455.10 |
| | Claim 3 is for debt of Mikolay individually<br>Pursuant to the Court’s order dated September 10, 2018, [ dkt. 32], only claims of Kathleen, individually, or Kathleen and Mikolay, jointly, will participate in the Estate's distribution from the proceeds of Kathleen's inheritance. Although Claim No. 3 is deemed an allowed claim, only Mikolay is liable for the debt. As a result, Claim No. 3 will not receive any payment from Kathleen’s inheritance which is the sole asset being distributed in connection with this Final Report. | | | | | | |

Case: 17-34077
Bujak, Mikolay
Bujak, Kathleen
Claims Bar Date: 04/18/18 Government Bar Date: 05/14/18

Elizabeth C Berg
CLAIMS REGISTER
EXHIBIT C Page 2

| Claim No. | Creditors | UTC | Scheduled | Claimed | Allowed | Paid | Balance |
|---|---|---|---|---|---|---|---|
| 00004 | U.S. Department of<br>PO Box 69184<br>Harrisburg, PA 17106<br>Filed: 02/01/18 | 7100<br>UNSEC | 76,268.00 | 78,450.14 | 78,450.14 | 0.00 | 78,450.14 |
| | Claim 4 is for debt of Kathleen, individually<br>Pursuant to the Court's order dated September 10, 2018, [ dkt. 32], only claims of Kathleen, individually, or Kathleen and Mikolay, jointly, will participate in the Estate's distribution from the proceeds of Kathleen's inheritance. As a result, Claim No 4 will receive a payment from Kathleen's inheritance which is the sole asset being distributed in connection with this Final Report. | | | | | | |
| 00005 | Quantum3 Group LLC as<br>PO Box 788<br>Kirkland, WA 98083<br>Filed: 04/11/18 | 7100<br>UNSEC | 1,988.00 | 2,531.20 | 2,531.20 | 0.00 | 2,531.20 |
| | Claim 5 is a joint debt of Kathleen and Mikolay<br>Pursuant to the Court's order dated September 10, 2018, [ dkt. 32], only claims of Kathleen, individually, or Kathleen and Mikolay, jointly, will participate in the Estate's distribution from the proceeds of Kathleen's inheritance. As a result, Claim No 5 will receive a payment from Kathleen's inheritance which is the sole asset being distributed in connection with this Final Report. | | | | | | |
| 00006 | Quantum3 Group LLC as<br>PO Box 788<br>Kirkland, WA 98083<br>Filed: 04/11/18 | 7100<br>UNSEC | 739.00 | 1,337.05 | 1,337.05 | 0.00 | 1,337.05 |
| | Claim 6 is a joint debt of Kathleen and Mikolay<br>Pursuant to the Court's order dated September 10, 2018, [ dkt. 32], only claims of Kathleen, individually, or Kathleen and Mikolay, jointly, will participate in the Estate's distribution from the proceeds of Kathleen's inheritance. As a result, Claim No 6 will receive a payment from Kathleen's inheritance which is the sole asset being distributed in connection with this Final Report. | | | | | | |
| 00007 | PYOD, LLC for Citibank, N.A.<br>Resurgent Capital Services<br>PO Box 19008<br>Greenville, SC 29602<br>Filed: 04/17/18 | 7100<br>UNSEC | 17,039.00 | 18,220.08 | 18,220.08 | 0.00 | 18,220.08 |
| | Claim 7 is for debt of Mikolay, individually<br>Pursuant to the Court's order dated September 10, 2018, [ dkt. 32], only claims of Kathleen, individually, or Kathleen and Mikolay, jointly, will participate in the Estate's distribution from the proceeds of Kathleen's inheritance. Although Claim No. 7 is deemed an allowed claim, only Mikolay is liable for the debt. As a result, Claim No. 7 will not receive any payment from Kathleen's inheritance which is the sole asset being distributed in connection with this Final Report. | | | | | | |
| **UNSECURED TOTAL** | | | **125,996.00** | **133,057.65** | **133,057.65** | **0.00** | **133,057.65** |

| REPORT TOTALS | 125,996.00 | 141,159.15 | 141,159.15 | 0.00 | 141,159.15 |
|---|---|---|---|---|---|

TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 17-34077
Case Name: Bujak, Mikolay
Bujak, Kathleen
Trustee Name: Elizabeth C Berg

Balance on Hand $89,752.94

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees: Elizabeth C. Berg, Trustee | $ 7,500.00 | $ 0.00 | $ 7,500.00 |
| Attorney for Trustee, Fees: Baldi Berg, Ltd. | $ 601.50 | $ 0.00 | $ 601.50 |

Total to be paid for chapter 7 administrative expenses $ 8,101.50

Remaining Balance $ 81,651.44

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed Priority Claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $133,057.65 have been allowed and will be paid pro rata only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 61.4 %, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 00001 | Discover Bank Discover Products Inc | $ 20,945.87 | $ 0.00 | $ 0.00 |
| 00002 | Discover Bank Discover Products Inc | $ 10,118.21 | $ 0.00 | $ 8,937.67 |
| 00003 | TD Bank, USA | $ 1,455.10 | $ 0.00 | $ 0.00 |
| 00004 | U.S. Department of Education c/o | $ 78,450.14 | $ 0.00 | $ 69,296.85 |
| 00005 | Quantum3 Group LLC as agent for | $ 2,531.20 | $ 0.00 | $ 2,235.87 |
| 00006 | Quantum3 Group LLC as agent for | $ 1,337.05 | $ 0.00 | $ 1,181.05 |
| 00007 | PYOD, LLC for Citibank, N.A. | $ 18,220.08 | $ 0.00 | $ 0.00 |

| | |
|---|---|
| Total to be paid to timely general unsecured creditors | $ 81,651.44 |
| Remaining Balance | $ 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $0.00 have been allowed and will be paid pro rata only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 %, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $0.00 have been allowed and will be paid pro rata only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 %, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE